# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## _____ DIVISION

NOAH HANCOCK SIMMONS II

(Enter above the full name of the Plaintiff[s] in this action.)

- vs -

HARLEQUIN BOOKS, Ca

tahra seplowin
TAHRA SEPLOWIN

(Enter above the full name of ALL Defendant[s] in this action. Fed. R. Civ. P. 10(a) requires that the caption of the complaint include the names of all the parties. Merely listing one party and "et al." is insufficient. Please attach additional sheets if necessary.

Case No. _____
(To be assigned by Clerk of District Court)

Jury Trial Demanded

## COMPLAINT

I. State the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitutional provisions, if you know them):

Coversion and Trover of intellectual properties; breach of an oral contract; abuse of process. IN REFERENCE TO, CONVERSION § 222A. What constitute conversion(1)(2) ((a) the extent and duration of the actor's exercise of dominion or control

II. Plaintiff, <u>NOAH HANCOCK SIMMONS II, PRO SE</u> resides at

<u>310 S. Grand-Council Towers, St. Louis, St. Louis</u>,
street address                                city                    county

310 <u>S. Grand</u>, <u>63103</u>, <u>9179304531</u>.     Apt 310
state        zip code        telephone number

(if more than one plaintiff, provide the same information for each plaintiff below)

_____

_____

_____

_____

_____

_____

III. Defendant, <u>tahra seplowin</u> lives at, or its business is located at

<u>233 BROADWAY</u>, <u>N.Y.N.Y</u>, <u>NEW YORK</u>,
street address                        city                    county

<u>NEW YORK</u>, <u>1001</u>.
state              zip code

(if more than one defendant, provide the same information for each defendant below)

<u>HARLEQUIN BOOKS Ca.</u>

<u>233BROADWAY, NEW YORK, NEW YORK   Zip Code 1001</u>

<u>PHONE #: (212) 5534200</u>

_____

_____

_____

2

IV. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. You may use additional paper if necessary):

~~plaintiff avers that his sister Frances Myers had~~ on ~~12/22/'14 three (3) manuscrips delivered to HARLEQUIN~~ BOOKS. Subsequently defendant/employee TAHRA SEPLOWIN ~~acknowledged such manscrips via~~ telephone conversation ~~thereafter 4:14P.M..~~ IN ADDITION, Plaintiff avers that thereon three (3) gmails so-noted receipt, and status of such manuscripts SEE: EXHIBIT A (1)(2)(3). However, here plaintiff avers the tort[s] CONVERSION & TROVER had evilly ensued. SEE: Restatement Second, z222A. Where, all legal prerequsites were/are violated, including but limited to(B) Effect of Good Faith thereupon the said ~~INTELLECTUAL PROPERTIES. Moreover, Plaintiff avers that~~ the ~~mandated DEMAND was ignored-refused.~~ See Gillet v. Roberts ~~(1874) 57 N.Y. 28; Parker v. Middlebrook (1855) @$ Conn.~~ 207 accordingly, plaintiff avers that EDITOR/AGENT: Mike Williams had expressed interest, and representation of Plaintiff in the detained-by-defendants manuscripts. But was afraid of the perilous, if not lethal limbo the manuscrips had in lay in the impermissible now province, and detention of defendants.

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI X

NOAH HANCOCK SIMMONS II
    PRO SE Plaintiff,

                Vs.        ADDITIONAL PAGE[S] THEREFROM PG.
                           ( THREE)[3]

HARLEQUIN BOOKS Ca.;                                   ]a]
TAHRA SEPLOWIN
                                           CASE NO. _____

    DEFENDANTS          X

## ADDITIONAL PAGE[S] THEREFROM PAGE THREE

    INTERESTINGLY, Plaintiff avers that thereunder the Restatement of Torts, in § 332, discarded the term "invitees," and refferredinstead to "bussiness visitors". The theory adopted was that theduty to/ofaffirmative care to make the premisis safe is the price the occupier must pay for the present or prespective economic benefit to be derived from the visitor's presence. In accord, Plaintiff avers that here the tort[s] CONVERSION & TROVER had maliciously occurred therewith malice and forethought through the provisions which § 222A states constitutes conversion (1)(2)(a)(b)(c)(d)(e)(f). Insidiously intermingled therewith the Defendant TAHARA SEPLOWIN's bizarre elusiveness, insofar as the demand, and denial of return!

    WHEREUPON, trover in common-law practice, the action of trover is applicable here.. This action became the remedy for any wrongful interference with or detention of the goods of another. 3 Steph.Comm. 425. Sweet. See Burnham v. Pidcock, 33 Misc. 65,66 N.Y.S. 806; Spellman v. Richmond & D.R. Co., 35 S.C. 475, 14 S.E. 947, 28 Am.St.Rep. 858; Daisey-Belle Petroleum Co. v. Thomas, 151 Okl. 94, 1 P.2d 700, 702.

    In form a fiction; in substance a remedy to recover the valu[e] of personal chattels WRONGFULLY converted by another for his own use. 1 Burr, 31; Athens & Pemeroy Coal & Land Co. v. Tracy, 22 Ohio App. 21, 153 N.E. 240, 243;

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURIX

NOAH HANCOCK SIMMONS II
    PRO SE Plaintiff,

Vs.                                        ADDITIONAL PAGES THEREFROM PG. 3

HARLEQUIN BOOKS Ca.;
TAHRA SEPLOWIN          x                CASE NO. [b] _____

       Siverson v. Clanton, 88 Or. 261, 170 P. 933, 935. See conver

sion    A possesary action wherein plaintiff must show that he has either a general or special property in thing converted and the right to its possesion at the time of the alleged conversion. Patton v. Dennison, 137 Me. 14A.2d 12. And lies only for wrongful appropiation of goods, chattels, or personal property which is specific enough to be identified. Olschewski v. Hudson, 87 Cal. App. 282, 262, P. 43, 46.

       finally, plaintiff avers that he is a sixty-seven [67] year old man paralyzed on the left side of his body. HENCE [a] profound need, beseechment therefore counsel, in lieu of the unspoken command for a writ of detinue- utilizing the proprietary remedy of replevin- A personal action EX DELICTO brought to recover goods unlawfully taken, generally, but not only, applicable to the taking of goods distrained for rent,) THE VALIDITY OF WHICH TAKING IT IS THE MODE OF CONTESTING, IF THE PARTY FROM WHOM THE GOODS WERE TAKEN WISHES TO HAVE THEM BACK IN SPCIE, whereas, if he prefer to have damages instead, validity may be contested by action of tresspass or unlawful distress. Wharton v.Sinnott v. Feiock, 165 N.Y. 444, 59 N.E. @¢%, %# L.R.A. 565, 80 Am. St. Rep. 736; Healy v. Humpphery, 81 F. 990, 27 C.C.A. 39. ERGO, REPLEVIN IN THE DETINUIT is tentively sought since the action for damages resulting therefrom the wrongful taking and detention has not yet been returned. LASTLY, hereunder such it is sublimely suggested that " the Defendant[s] have bought the property thereby thier illegal detention!" THUS, Plaintiff should not accept such thereat this juncture of distressful events.

V. Relief: State briefly and exactly what you want the Court to do for you.

duly appoint counsel hereto disabled Plaintiff/Petitioner;

therefore submission of writ: replevin in the detinet.

restraining order prohibiting HARLIQUIN, it's companies

from exploiting/robbing the elderly and inform of the

unique, hard manufactured intellectual properties they

had delved to produce

FINALLY, that aspect of PUNATIVE order be animated by

a fifty million dollar ($ 50,000,000.00) AWARD

VI. **MONEY DAMAGES:**

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES [x]   NO [ ]

B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

Award ten [10] million dollars for detention of each

manuscript which was deferred because of detention by

defendants

VII. Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [x]   NO [ ]

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4 day of May, 2015

*Noah Simmons*

Signature of Plaintiff(s)

4