UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NOAH HANCOCK SIMMONS, II | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV00712 ERW |
| | ) |
| HARLEQUIN BOOKS, et al. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Noah Hancock Simmons, II, acting pro se, brings this action for conversion and a "taking," and breach of contract against Harlequin Books and Tahra Seplowin, asserting that these defendants converted three of his manuscripts in December of 2014. Plaintiff claims that his demand for return of the manuscripts has been ignored. He seeks return of the manuscripts and punitive damages between $10 and $50 million dollars. Unfortunately plaintiff has not identified the net worth of the three manuscripts.

## Discussion

The Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff does not set forth any laws or constitutionally protected rights that defendants allegedly violated. *See* 28 U.S.C. § 1331. Rather, all of plaintiff's alleged injuries arise under state laws, *i.e.,* the torts of conversion, taking and breach of contract.

Further, even if plaintiff wanted to allege jurisdiction under 28 U.S.C. § 1332, plaintiff has not properly alleged diversity of citizenship and the actual amount in controversy is unspecified.[1] *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between- (1) citizens of different States. . .")[2].

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

---

[1] Plaintiff has not articulated the amount be believes he was damaged by defendants' alleged conduct. Moreover, plaintiff cannot merely make an unsubstantiated demand for $50 million dollars in punitive damages and expect this to justify the amount in controversy in this matter.
[2] Plaintiff has not identified the citizenship of either of the defendants in this action.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

A separate Order of Dismissal will be filed forthwith.

So Ordered this 7th day of May, 2015.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE